UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONDON LUXURY LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>WALMART INC.,<br><br>                Defendant. | Case No. 22-cv-00599<br><br>[Index No. 55096/2022 in the New York State Supreme Court for Westchester County] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Civil Rule 81.1, Defendant Walmart Inc. ("Walmart") removes to this Court the action captioned *London Luxury LLC v. Walmart Inc.*, Index No. 55096/2022 (N.Y. Sup. Ct, Westchester Cty., filed Jan. 5, 2022) (the "State Court Action"). This Court has jurisdiction over this case because it is between citizens of different States and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. This action is therefore subject to this Court's removal jurisdiction as an action "of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a).

In further support of this Notice, Walmart states as follows:

1. On January 5, 2022, Plaintiff London Luxury LLC ("London Luxury") filed this action against Walmart in the Supreme Court of the State of New York for Westchester County. It was docketed as Supreme Court Index No. 55096/2022. A true and correct copy of all documents filed to date in the State Court Action, including the Summons and Complaint ("Compl."), are attached as Exhibits A through K.[1]

---

[1] Exhibits A through K include "all process, pleadings, and orders served upon" Walmart to date in the State Court Action. 28 U.S.C. § 1446(a).

2. Walmart was served on January 5, 2022.

3. Walmart is timely filing this Notice of Removal to the U.S. District Court for the Southern District of New York within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b).

4. Venue is proper in this Court because the Supreme Court of the State of New York for Westchester County is located within the Southern District of New York.

5. Walmart is the only defendant in this action. No additional consents to removal are required. *See* 28 U.S.C. § 1446(b)(2)(A).

6. In filing this Notice of Removal, Walmart reserves and expressly does not waive any and all rights, claims, and defenses, of any nature whatsoever.

7. Walmart will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York for Westchester County and will serve London Luxury with this Notice of Removal promptly upon filing it. *See* 28 U.S.C. § 1446(d).

8. At the time the State Court Action was filed and at the time of this Notice of Removal, Walmart was and is a Delaware corporation with its principal place of business in Arkansas. For the purposes of diversity jurisdiction, Walmart therefore was and is a citizen of Delaware and Arkansas and not New York. *See* 28 U.S.C. § 1332(c)(1).

9. London Luxury identifies itself as a New York limited liability company (Compl. ¶ 10), and its citizenship is determined by the citizenship of each of its members. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

10. Upon information and belief based on Walmart's current information regarding London Luxury, at the time the State Court Action was filed and at the time of this Notice of

Removal: (a) London Luxury's membership interests were and are owned by its founder and chairman, Marc Jason; (b) Mr. Jason was and is a natural person residing and domiciled in New York; and (c) London Luxury therefore was and is a citizen of the State of New York. Walmart further states that it is not aware of any information tending to show that London Luxury was or is a citizen of any jurisdiction other than the State of New York.

11. To the extent that London Luxury is aware of information unknown to Walmart regarding the citizenship of London Luxury's membership interests, Local Civil Rule 81.1(d) requires London Luxury to provide such information about its members and their citizenships to the Court. *See* S.D.N.Y. L. Civ. R. 81.1(d) ("If information [required to be set forth in a notice of removal] or a designated part is unknown to the removing party, the removing party may so state, and in that case plaintiff within twenty-one (21) days after removal shall file in the office of the Clerk a statement of the omitted information."). Walmart has requested information from London Luxury's counsel about London Luxury's members and their citizenship several times but has not received a substantive response.

12. As to the amount in controversy, the complaint seeks monetary damages and alleges that Walmart " owes at least $41,214,800" to London Luxury. (Compl. ¶ 99; *id.* at 33.)

THEREFORE, Walmart Inc. removed this action from the Supreme Court of the State of New York, Westchester County, to the United States District Court for the Southern District of New York.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 24, 2022 | By: /s/ *Lee A. Armstrong* |
|  | Lee A. Armstrong |
|  | JONES DAY<br>Lee A. Armstrong<br>Thomas E. Lynch<br>Nikolai Krylov<br>250 Vesey Street<br>New York, NY  10281-1047<br>(212) 326-3939 |
|  | *Counsel for Walmart Inc.* |

KUTAK ROCK LLP
Bartholomew L. McLeay (*pro hac vice application to be submitted*)
Joshua C. Weiner (*pro hac vice application to be submitted*)
1650 Farnam Street
The Omaha Building
Omaha, NE  68102-2103
(402) 346-6000

Russell C. Atchley (*pro hac vice application to be submitted*)
5111 West JB Hunt Drive, Suite 300
Rogers, AK 72758-5083
(479) 250-9700

*Co-Counsel for Walmart Inc.*