IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LONDON LUXURY, LLC**                                                          **PLAINTIFF/COUNTER-DEFENDANT**

**V.**                                              **CASE NO. 5:22-CV-5059**

**WALMART, INC.**                                                                **DEFENDANT/COUNTER-PLAINTIFF**

### FOURTH ORDER REGARDING WALMART'S PRIVILEGE LOG

This is the Court's Fourth Order to address a series of related discovery disputes over Walmart's privilege log. *See* Docs. 398, 405, and 408. Among other things, Walmart asserted privilege over communications and investigative materials prepared with/by its attorney-investigator employees on Walmart's Global Investigations team. In its Second Order in this series, the Court addressed Walmart's withholding of investigative work product and interview summaries, stating that it was:

> . . . convinced by its *in camera* review that the GI Report was prepared in anticipation of litigation and constitutes attorney work product protected Fed. R. Civ. Proc. 26(b)(3)(A). The timeline shows that the investigation began when a $500 million transaction was in the final stages of failing. The investigation was still on-going when London Luxury filed suit. The investigation was led by Walmart's attorney-investigators. The GI Report is replete with attorney mental impressions, conclusions, and opinions.

Doc. 405, p. 6 (footnote omitted).

Now, the Court takes up Walmart's assertion of privilege over written communications exchanged during the internal investigation by and between Global

1

Investigations, [1] Walmart's in-house attorney employees, and Walmart's business employees. The communications at issue relate to the nitrile glove transactions in question. For factual context, the Court incorporates by reference and refers the reader to the background section of its Summary Judgment Opinion and Order filed on March 8th. Doc. 399.

Based on the Court's *in camera* review, it appears that Walmart's internal investigators began collecting information in October 2021. Unlike the investigative report that Walmart withheld in its entirety, Walmart has only redacted portions of its communications with counsel or their investigators in anticipation of litigation. London Luxury contends that any privilege has been waived because the redacted communications go to Walmart's business interests and factual claims and defenses. London Luxury also asserts that a waiver occurs where a Walmart attorney involved in the communication has been listed by Walmart as a trial witness (e.g. Vicki Vasser, see Doc. 398, pp. 3-5).

In this attorney-client and work product privilege dispute, Walmart is the client who owns the privilege. Walmart is asserting privilege over communications that its business employees had with its attorney employees and internal investigators. Under Federal Rule of Evidence 501, when parties are litigating state law claims, state law defines the elements of attorney-client privilege. Arkansas Rule of Evidence 502 provides the basic

---

1. The Global Investigations team includes Walmart attorney-investigators and non-attorney investigators. In some instances, the communications at issue may involve non-lawyer investigators, but whose work was nevertheless directed and supervised by attorneys on Walmart's Global Investigations team.

rule in Arkansas:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

Further, when evaluating whether a client's employee's communications with an attorney should be shielded from production due to attorney-client privilege, the following five factors are considered:

> (1) whether the communication was made for the purpose of securing legal advice; (2) whether the employee making the communication did so at the direction of his corporate superior; (3) whether the superior made the request so that the corporation could secure legal advice; (4) whether the subject matter of the communication is within the scope of the employee's corporate duties; and (5) whether the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

*Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 609 (8th Cir. 1977).

Another guiding principle is that "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2nd Cir.), *cert. denied,* 112 S. Ct. 63 (1991). Because "[a] defendant may not use the privilege to prejudice his opponent's case . . . the privilege may implicitly be waived when [the] defendant asserts a claim that in fairness requires examination of protected communication." *Id.*

Finally, Federal Rule of Civil Procedure 26(b)(3) speaks to documents that may be withheld when prepared during or in anticipation of litigation.

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.
>
> (C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
>
>> (i) a written statement that the person has signed or otherwise adopted or approved; or
>>
>> (ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement

The Court applied these legal standards to its *in camera* review of the disputed communications. The bates-stamped lists of documents to which this Order applies are attached as Exhibits 1 and 2.

Based on the Court's review, Global Investigation's attorneys and investigators began collecting documents and communicating with key business employees and department attorneys in mid-to-late October 2021. London Luxury contends this timeline shows the internal investigation was not in anticipation of litigation, but rather "for a business purpose to avoid repeating the business mistakes that its businesspersons made, and it is clear would have been undertaken regardless of the prospect of litigation with London Luxury." Doc. 210, p. 13. The Court disagrees.

First, Walmart has previously produced the substantive business content of these communications and only partially redacted the email strings at issue here. The redactions consist mostly of cover emails by a Walmart management executive or an in-house attorney forwarding email strings (that had been collected from business employees who had participated in the nitrile glove transactions). Importantly, Walmart has *not* redacted the substantive email strings being forwarded. Second, in the instances where a Walmart management employee or in-house attorney might have included a capsule summary for the recipient attorney's or investigator's benefit (or, in one instance, a longer substantive discussion), the Court finds the redacted comments to be for a confidential legal purpose and/or made in anticipation of litigation. In other words, the redacted portions meet the privilege criteria in Ark. R. Evid. 502, and the Court does not believe that any principle of fairness compels disclosure. *United States v. Bilzerian,* 926 F.2d at 1292. **For these reasons, Walmart is not required to produce any of the documents listed on Exhibit 1.**

There is one exception to the communications in this category. Bates-stamped document **WM-LL0087733** is a 5-page document (including the cover page) that appears to be an instant message thread between business employees Elizabeth Doss and Coryn Kremers. Although the two speak about legal advice previously shared by a Walmart attorney in another matter, no attorney or investigator was a party to the communications. This communication between two non-lawyers is not privileged. To the extent the legal advice was privileged when originally imparted by a lawyer, the privilege was waived when the advice was repeated beyond the scope of persons needing to know the advice within the context in which it was given. *Diversified Indus., Inc. v. Meredith,* 572 F.2d at 609. ("[T]the communication [must] not [be] disseminated beyond those persons who, because of the corporate structure, need to know its contents).

**For these reasons, Walmart must produce the document (including the cover page) listed on Exhibit 2 by not later than 10am CST on March 19, 2024.** London Luxury must treat the document as confidential and subject to the Court's protective Order. Moreover, just because the document is discoverable, does not necessarily mean it is admissible in evidence.

**IT IS SO ORDERED** on this 18th day of March 2024.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE